Pamela S. Palmer (SBN 107590)
   E-mail: palmerp@pepperlaw.com
Kevin A. Crisp (SBN 261023)
   E-mail: crispk@pepperlaw.com
**PEPPER HAMILTON LLP**
350 South Grand Avenue
Two California Plaza, Suite 3400
Los Angeles, CA 90071
Telephone: 213.928.9818
Fax: 213.928.9850

M. Duncan Grant (Admitted *Pro Hac Vice*)
   E-mail: grantm@pepperlaw.com
Christopher B. Chuff (Admitted *Pro Hac Vice*)
   E-mail: chuffc@pepperlaw.com
**PEPPER HAMILTON LLP**
Hercules Plaza, Suite 5100
1313 Market Street, Suite 5100
Wilmington, DE 19899
Telephone: 302.777.6500

Attorneys for Defendants Jaguar Animal Health, Inc.,
Jaguar Health, Inc., James J. Bochnowski, Lisa Conte,
John Micek III, and Ari Azhir

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| TONY PLANT, Individually and on Behalf of All Others Similarly Situated,<br><br>             Plaintiff,<br><br>    v.<br><br>JAGUAR ANIMAL HEALTH, INC., JAGUAR HEALTH, INC., JAMES J. BOCHNOWSKI, LISA CONTE, JOHN MICEK III, and ARI AZHIR,<br><br>             Defendants. | Case No. 3:17-cv-04102-RS<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT of MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**<br><br>Date: June 14, 2018<br>Time: 1:30 p.m.<br>Judge: Hon. Richard Seeborg<br>Place: 450 Golden Gate Avenue<br>       San Francisco, CA 94612<br>       Courtroom 3—17th Floor<br><br>Complaint Filed: July 20, 2017 |

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ........................................................................................................... 1

II.     ARGUMENT .................................................................................................................. 3

    A.    Plaintiff's Section 14(a) Claim (Count I) Should Be Dismissed ............................ 3

        1.    Plaintiff Has Failed To Plead Material Omissions...................................... 3

        2.    Plaintiff Has Failed To Plead Demand Futility........................................... 8

        3.    Plaintiff Has Failed To Plead Economic Loss and Loss Causation ............ 9

    B.    Plaintiff's Section 20(a) Claim (Count II) Should Be Dismissed ......................... 10

III.    CONCLUSION ............................................................................................................. 10

-i-
REPLY ISO MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)
CASE NO. 3:17-CV-04102

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Anastasio v. Internap Network Servs. Corp.*,
  2010 U.S. Dist. LEXIS 147959 (N.D. Ga. Sep. 14, 2010) ......................................................... 9

*Azar v. Blount Int'l, Inc.*,
  2017 U.S. Dist. LEXIS 39493 (D. Or. Mar. 20, 2017) ............................................................... 4

*Brown v. Ambow Educ. Hldg. Ltd.*,
  2014 U.S. Dist. LEXIS 18809 (C.D. Cal. Feb. 6, 2014) ........................................................... 10

*Brown v. Brewer*,
  2010 U.S. Dist. LEXIS 60863 (C.D. Cal. June 17, 2010) ...................................................... 1, 7

*Bushansky v. Remy Int'l, Inc.*,
  262 F. Supp. 3d 742 (S.D. Ind. 2017) ......................................................................................... 4

*Campbell v. Transgenomic, Inc.*,
  2018 U.S. Dist. LEXIS 74789 (D. Neb. May 3, 2018) ......................................................... 4, 6

*Chi. Male Med. Clinic, LLC v. Ultimate Mgmt.*,
  2014 U.S. Dist. LEXIS 174478 (C.D. Cal. Dec. 16, 2014) ........................................................ 6

*City of Hialeah Emples. Ret. Sys. v. FEI Co.*,
  2018 U.S. Dist. LEXIS 11989 (D. Or. Jan. 25, 2018) ....................................................... 4, 5, 7

*Cox v. Guzy*,
  C.A. No. 7529-CS, 7, 9-12 (Del. Ch. June 14, 2012) ................................................................ 4

*In re Daou Sys., Inc.*,
  411 F.3d 1006 (9th Cir. 2005) .................................................................................................. 10

*Dura Pharm., Inc. v. Broudo*,
  553 U.S. 336 (2005) .................................................................................................................. 10

*Greenthal v. Joyce*,
  2016 U.S. Dist. LEXIS 11132 (S.D. Tex. Jan. 29, 2016) .......................................................... 8

*Guevara v. Marriott Hotel Svcs.*,
   2013 U.S. Dist. LEXIS 168300 (N.D. Cal. Nov. 25, 2013)..........................................................2

*Himmel v. Bucyrus Int'l, Inc.*,
   2014 U.S. Dist. LEXIS 50481 (E.D. Wis. Apr. 11, 2014)............................................................8

*In re Hot Topic Sec. Litig.*,
   2014 U.S. Dist. LEXIS 180513 (C.D. Cal. May 2, 2014) ...................................................4, 5, 6

*Hysong v. Encore Energy Partners LP*,
   2011 U.S. Dist. LEXIS 130688 (D. Del. Nov. 10, 2011) ........................................................3, 4

*Kelley v. Rambus, Inc.*,
   2008 U.S. Dist. LEXIS 100319 (N.D. Cal. Dec. 9, 2008) ...........................................................9

*Krieger v. Atheros Communs., Inc.*,
   2012 U.S. Dist. LEXIS 74214 (N.D. Cal. May 29, 2012) ...........................................................2

*La. Mun. Police Emples. Ret. Sys. v. Cooper Indus. PLC*,
   2012 U.S. Dist. LEXIS 148542 (N.D. Ohio Oct. 16, 2012) ........................................................8

*Malon v. Franklin Fin. Corp.*,
   2014 U.S. Dist. LEXIS 166675 (E.D. Va. Dec. 2, 2014) ............................................................4

*In re Merrill Lynch & Co. Research Reports & Secs. Litig.*,
   2008 U.S. Dist. LEXIS 44344, 2008 WL 2324111 (S.D.N.Y. June 4, 2008) ..........................10

*Metzler Inv. GmbH v. Corinthian Colls., Inc.*,
   540 F.3d 1049 (9th Cir. 2008)...................................................................................................10

*In re Midas, Inc. S'holders Litig.*,
   7346-VCP, 17-19 (Del. Ch. Apr. 12, 2012) ................................................................................4

*Montanio v. Keurig Green Mt., Inc.*,
   237 F. Supp. 3d 163 (D. Vt. 2017) ..............................................................................................7

*In re Netsmart Techs., Inc. S'holders Litig.*,
   924 A.2d 171 (Del. Ch. 2007) .....................................................................................................4

*In re Plains Exploration & Prod. Co. Stockholder Litig.*,
   2013 Del. Ch. LEXIS 118 (May 9, 2013)...................................................................................4

*Porter v. Shearson Lehman Bros., Inc.*,
　802 F. Supp. 41 (S.D. Tex. 1992) ...........................................................................................6

*Ret. Sys. v. Jobs*,
　593 F.3d 1018 (9th Cir. 2010) .................................................................................................9

*Ridler v. Hutchinson Tech. Inc.*,
　216 F. Supp. 3d 982 (D. Minn. 2016) ......................................................................................8

*In re Siliconix Inc., S'holders Litig.*,
　2001 Del. Ch. LEXIS 83 (Del. Ch. June 19, 2001) ..................................................................6

*Smith v. Robbins & Myers*,
　969 F. Supp. 2d 850 (S.D. Ohio 2013) ....................................................................................8

*Sodhi v. Gentium S.P.A.*,
　2015 U.S. Dist. LEXIS 7344 (S.D.N.Y. Jan. 22, 2015) ............................................................8

*Stoneridge Inv. P'rs, LLC v. Sci.-Atlanta, Inc.*,
　552 U.S. 148 (2008) .................................................................................................................9

*In re Trulia, Inc. Stockholder Litig.*,
　129 A.3d 884 (Del. Ch. Jan. 22, 2016) ....................................................................................8

*Weiss v. Amkor Tech., Inc.*,
　527 F. Supp. 2d 938 (D. Ariz. 2007) ......................................................................................10

-iv-
REPLY ISO MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)
CASE NO. 3:17-CV-04102

## I. INTRODUCTION

Plaintiff contends in his Memorandum of Points and Authorities in opposition to Defendants' Motion to Dismiss ("Plaintiff's Memorandum" or "Pl. Memo") that corporate stockholders "care about the quality, completeness, and accuracy of the information they receive" when deciding whether to approve a proposed transaction. (Pl. Memo at 25). Defendants agree, and that is exactly what the Defendants provided to Jaguar stockholders in the Joint Proxy – a complete and accurate description of all material information needed to decide whether to vote in favor of the Merger.

As set out in Defendants' Memorandum of Points and Authorities in support of their Motion to Dismiss ("Defendants' Memorandum" or "Def. Memo"), the lengthy, detailed, comprehensive Joint Proxy gives stockholders everything they could possibly need in determining whether to vote for or against the Merger, including a comprehensive description of Stifel's financial analysis of the Merger, unaudited financial projections of both Jaguar and Napo for the years 2017 through 2026, and pro forma financial statements depicting, from a financial perspective, what Jaguar and Napo would look like as a combined entity as of the date of the Merger.

Plaintiff rests his case on the alleged omission of details underlying the disclosed information, all of which are readily ascertainable from the Joint Proxy and/or immaterial as a matter of law, and none of which would add anything of importance to the total mix of information already provided in the Joint Proxy. As noted in Defendants' Memorandum, federal courts in the Ninth Circuit and throughout the country, as well as the Delaware Court of Chancery,[1] uniformly reject arguments that the types of omissions alleged in this case are material to stockholders. Further, Plaintiff has wholly failed to explain how any of the omissions alleged render the Joint Proxy materially misleading.

---

[1] Contrary to Plaintiff's suggestion otherwise, the Delaware Court of Chancery applies the exact materiality standard that is applied by district courts in analyzing violations of the federal securities laws. *Brown v. Brewer,* 2010 U.S. Dist. LEXIS 60863, at *71 n.16 (C.D. Cal. June 17, 2010) ("Even though this decision concerned a state law duty of disclosure claim [under Delaware law], the materiality standard is the same as set forth in *TSC Industries*.").

REPLY ISO MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)
CASE NO. 3:17-CV-04102

Plaintiff does not address these arguments head-on in his Memorandum. Instead, Plaintiff largely dodges these issues and picks at them along the fringes. For instance, Plaintiff curiously spends a substantial portion of the first few pages of his Memorandum complaining that Defendants' misrepresented the status of one of its primary products, Equilevia, *even though he does not allege any misrepresentations regarding Equilevia in the Complaint*. He then conclusorily suggests that the purported misrepresentations about Equilevia demonstrate the materiality of those omissions that are in fact identified in the Complaint. But it is not apparent how that could even conceivably be the case, and Plaintiff makes no effort to explain that position. Nor does Plaintiff explain why the purported transition of Equilievia (a product that is still in the product development phase) from a *prospective* prescription product to non-prescription product would be material to an investor's decision whether to vote in favor of the Merger.[2] For example, Plaintiff does not grapple with the fact that although a prescription product might generate greater long-term financial rewards than a non-prescription product, the expense burden in seeking approval can be very substantial and approval is never guaranteed.

Plaintiff also dedicates a significant portion of his Memorandum addressing whether the "fair summary" standard is the appropriate standard of review to determine whether a proxy statement adequately summarizes a financial advisor's work. Setting aside the fact that many federal courts, including this court,[3] apply that standard in assessing compliance with Section 14(a), Plaintiff's argument ignores the fact that virtually all courts hold that the types of omissions alleged here are immaterial *regardless of whether they apply the "fair summary" standard.*

Further, in what appears to be a tactical move to disguise the fact that the overwhelming weight of authority supports dismissal of this action, Plaintiff's discussion of the law governing Section 14(a) claims and materiality, which appears up front in his Memorandum, is divorced

---

[2] Plaintiff's request for leave to amend (which he makes in a footnote 3 of his Memorandum) should be denied on futility grounds and because Plaintiff failed to file a separate motion for leave to amend attaching a proposed amended complaint. *See Guevara v. Marriott Hotel Svcs.*, 2013 U.S. Dist. LEXIS 168300, at *21 (N.D. Cal. Nov. 25, 2013).

[3] *See e.g.*, *Krieger v. Atheros Communs., Inc.*, 2012 U.S. Dist. LEXIS 74214, at *22 (N.D. Cal. May 29, 2012).

-2-
REPLY ISO MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)
CASE NO. 3:17-CV-04102

1  from the facts that are pleaded in the Complaint.  When Plaintiff finally gets around to addressing
2  the purported materiality of the information allegedly omitted from the Joint Proxy, he relies on
3  law review articles rather than case law, and fails to meaningfully distinguish the case law cited in
4  Defendants' Memorandum.

5  Finally, Plaintiff has not advanced any explanation as to how the alleged omissions in this
6  case render the Joint Proxy materially misleading.  He does not, for instance, allege or argue that the
7  purported omissions caused the Joint Proxy to paint a misleadingly gloomy picture of Jaguar's
8  financial prospects to induce Jaguar stockholders to approve the acquisition of Napo.  Nor could he.

9  In short, Plaintiff has failed to plead two critical elements of a Section 14(a) claim – one,
10 the existence of material omissions, and two, that such purported omissions rendered statements
11 within the Joint Proxy misleading.  Further, as discussed in Defendants' Memorandum and
12 below, Plaintiff also fails to plead derivative standing and loss causation.  For these reasons, the
13 Complaint must be dismissed.

14 **II.     ARGUMENT**

15     **A.     Plaintiff's Section 14(a) Claim (Count I) Should Be Dismissed**

16         **1.     Plaintiff Has Failed To Plead Material Omissions**

17             **(a)     Unlevered Cash Flows**

18 Plaintiff's first argument is that the alleged "omission of the Cash Flow Projections
19 rendered the table of projections set forth on pages 289-90 of the Proxy misleading."  (Pl. Memo
20 at 13).  That contention fails for a number of reasons.  First, as noted above, Plaintiff wholly fails
21 to explain how the purported omission of cash flow projections rendered the projections on pages
22 289-90 misleading.  Plaintiff's Section 14(a) claim, to the extent premised upon the omission of
23 cash flow projections, must be dismissed for that reason alone.  *See e.g.*, *Hysong v. Encore*
24 *Energy Partners LP*, 2011 U.S. Dist. LEXIS 130688, at *7-8 (D. Del. Nov. 10, 2011).

25 Second, Plaintiff does not provide any explanation as to how the disclosure of the
26 individual unlevered free cash flow projections would have "significantly altered the 'total mix'
27 of information made available" in the Joint Proxy.  In that regard, Plaintiff has failed to cite any
28

case law holding that the omission of cash flow projections constitutes a material omission.[4] Rather, Plaintiff seeks to rely on a number of cherry-picked secondary sources, including law review articles, in purported support of his argument that cash-flow projection are *per se* material.

Instead of considering the handpicked secondary sources that address what the authors of those sources posit the law ought to be, as opposed to what it is, the Court should follow controlling case law, which firmly establishes that the omission of cash flow projections from a proxy statement is immaterial, especially where, as here, a proxy discloses a summary table of the unlevered free cash flow projections for both of the parties to the merger and projections of other similar financial metrics.[5]

For example, in *In re Hot Topic*, the Central District of California found that the omission of unlevered free cash flow projections from a proxy statement was not material because the proxy statement disclosed a number of other relevant financial projections, such as EBITDA. 2014 U.S. Dist. LEXIS 180513, at *24-27. The court concluded that "[r]equiring these particularized financial details as a matter of course would threaten to 'bury the shareholders in an avalanche of trivial information.'" *Id.* Likewise, in *City of Hialeah*, the court held that the omission of unlevered free cash flows was immaterial, given the disclosure of other relevant financial metrics. 2018 U.S. Dist. LEXIS 11989, at *39-42. The proxy in that case set forth two sets of projections that had been prepared by management in the ordinary course of business:

---

[4] Plaintiff's citation to *Azar v. Blount Int'l, Inc.*, 2017 U.S. Dist. LEXIS 39493, at *12 (D. Or. Mar. 20, 2017), and *In re Netsmart Techs., Inc. S'holders Litig.*, 924 A.2d 171, 201-02 (Del. Ch. 2007), is misplaced, as the omissions at issue in those cases, unlike the omissions alleged here, involved an entire set of (allegedly more accurate/relevant) financial projections.

[5] *See e.g., Campbell v. Transgenomic, Inc.*, 2018 U.S. Dist. LEXIS 74789, at *11 (D. Neb. May 3, 2018); *City of Hialeah Emples. Ret. Sys. v. FEI Co.*, 2018 U.S. Dist. LEXIS 11989, at *39 (D. Or. Jan. 25, 2018); *In re Hot Topic Sec. Litig.*, 2014 U.S. Dist. LEXIS 180513, at *24-27 (C.D. Cal. May 2, 2014); *Bushansky v. Remy Int'l, Inc.*, 262 F. Supp. 3d 742, 749 (S.D. Ind. 2017); *Malon v. Franklin Fin. Corp.*, 2014 U.S. Dist. LEXIS 166675, at *18-20 (E.D. Va. Dec. 2, 2014); *Hysong v. Encore Energy Partners LP*, 2011 U.S. Dist. LEXIS 130688, at *7-8 (D. Del. Nov. 10, 2011); *In re Plains Exploration & Prod. Co. Stockholder Litig.*, 2013 Del. Ch. LEXIS 118, at *28 (May 9, 2013); *Cox v. Guzy*, C.A. No. 7529-CS, 7, 9-12 (Del. Ch. June 14, 2012) (TRANSCRIPT); *In re Midas, Inc. S'holders Litig.*, 7346-VCP, 17-19 (Del. Ch. Apr. 12, 2012) (TRANSCRIPT). As reflected in *Hot Topic* and *City of Hialeah*, courts so hold irrespective of whether they apply the "fair summary" standard that Plaintiff urges the Court to reject in his Memorandum.

"Higher Projections" (*i.e.*, more optimistic projections) and Lower Projection (*i.e.*, less optimistic projections). *Id.* at *4. Certain line items that were included in the Lower Projections table, *including unlevered free cash flows*, were omitted from the Higher Projections table. *Id.* at *39-42. The plaintiff claimed that the proxy was misleading because the Higher Projections table omitted unlevered free cash flow. The court disagreed. *Id.* Relying on the Central District of California's opinion in *Hot Topic*, the court reached that conclusion because the Higher Projections included projections of other relevant financial metrics, including EBITDA and net income. *Id.* The court reasoned that plaintiff's theory – that the proxy was misleading because it did not also disclose unlevered free cash flow projections – constituted a plea for additional "particularized accounting details" that would not influence a stockholder's vote. *Id.* For that reason, the court dismissed plaintiff's claims. *Id.*

Here, like the proxy statements in *Hot Topic* and *City of Hialeah*, the Joint Proxy set forth a table depicting Jaguar's and Napo's separate revenue, EBITDA, net income, and operating income projections, on a stand-alone, pre-transaction basis. (Ex. A, Joint Proxy at 287-90). Because such projections are a very close substitute for unlevered free cash flows, the disclosure of such projections render the omission of unlevered cash flow figures immaterial.

What's more, the Joint Proxy provided a chart depicting "the relative annual contributions from both Jaguar and Napo" to the "unlevered free cash flow" of the combined entity for the years 2017 through 2026 (Def. Mem. at 14; Ex. A, Joint Proxy, at 278, 286-87). As explained in Defendants' Memorandum, given that the Merger was structured as a stock-for-stock transaction, Jaguar stockholders needed material information sufficient to assess the *relative value* of Jaguar and Napo. The relative, projected, post-merger contributions to the unlevered free cash flow of the combined entity after the Merger, which the Joint Proxy in fact provided, was the *only* information about unlevered free cash flow relevant to stockholders. The individual unlevered free cash flow projections that Plaintiff purportedly wished to see would not have provided any additional information of value to stockholders, and are therefore immaterial. Plaintiff's failure even to address this argument in his Memorandum is telling, as it demonstrates that he has no answer for it.

The Joint Proxy sets forth all of the material information that Jaguar stockholders needed to decide whether to vote for or against the Merger. The allegedly omitted unlevered free cash flow figures are precisely the type of "tell me more" "financial minutiae" that federal courts and the Court of Chancery find to be immaterial. *See TSC Indus.*, 426 U.S. at 449; *In re Hot Topic*, 2014 U.S. Dist. LEXIS 180513, at *24-27; *Campbell*, 2018 U.S. Dist. LEXIS 74789, at *11.

### (b) Pro Forma Projections

Plaintiff also claims that the Joint Proxy was misleading because it omitted "Pro Forma Projections" – that is, projections of the combined Jaguar and Napo, after giving effect to the Merger, including the potential synergies between the two companies. Like the allegedly omitted cash flow projections, Plaintiff's insistence that pro forma projections should have been included in the Joint Proxy is yet another request for immaterial disclosure.

Plaintiff does not cite any case holding that pro forma projections are material to investors. Nor can he, as such information is immaterial as a matter of law. *Chi. Male Med. Clinic, LLC v. Ultimate Mgmt.*, 2014 U.S. Dist. LEXIS 174478, at *25-26 (C.D. Cal. Dec. 16, 2014); *Porter v. Shearson Lehman Bros., Inc.*, 802 F. Supp. 41, 60 (S.D. Tex. 1992); *In re Siliconix Inc., S'holders Litig.*, 2001 Del. Ch. LEXIS 83, at *48 (Del. Ch. June 19, 2001) (holding that Pro Forma projections are "speculative, especially because of the difficulties asserted with projecting both the timing and success of any synergies that may result" and are therefore immaterial).

Further, Plaintiff does not provide any explanation as to how the disclosure of the Pro Forma Projections would have "significantly altered the 'total mix' of information made available" in the Joint Proxy. Indeed, the Joint Proxy disclosed *both* (i) Jaguar's and Napo's management projections on a stand-alone, pre-transaction basis (*id.* at 287-90); and (ii) combined financial statements of Jaguar and Napo, on a pro forma basis, as of the date of the Merger. Plaintiff's claim that the Joint Proxy should have also provided a combination of the two figures – management projections on a combined, pro forma basis – is a plea for the inclusion of immaterial financial minutiae that does not give rise to an actionable omission claim.

### (c) Probabilities of Technical Success

Next, plaintiff asserts that the purported omission of the "Probabilities of Technical Success Rates" that were used to prepare Jaguar's and Napo's financial projections rendered the Joint Proxy misleading. But like the alleged omissions of cash flow projections and pro forma projections, the purported omission of technical success rates prepared by management is also immaterial. The law simply does not require the disclosure of speculative, judgment-laden management assumptions that underlie financial projections. *See e.g.*, *Montanio v. Keurig Green Mt., Inc.*, 237 F. Supp. 3d 163, 174 (D. Vt. 2017) ("A reasonable shareholder would be unlikely to put much faith in the financial projections for a new product line, with or without the application of the 50% probability weighting."). Indeed, investors are not entitled to the information sufficient to "replicate management's inside view of the company's prospects," such as management-prepared technical success rates. *City of Hialeah*, 2018 U.S. Dist. LEXIS 11989, at *42; *Brown v. Brewer*, 2010 U.S. Dist. LEXIS 60863, at *71 (C.D. Cal. June 17, 2010). Thus, the allegedly omitted technical success rates are immaterial as a matter of law, and need not be disclosed. That Plaintiff does not cite a single case suggesting otherwise confirms that conclusion.

### (d) Inputs and Assumptions Underlying Stifel's Financial Analysis

Plaintiff also alleges in his Complaint that the Joint Proxy is misleading because it allegedly omits "inputs and assumptions" underlying the discount rate and growth rate used in Stifel's *Discounted Cash Flow Analysis* and the individual multiples used in Stifel's *Selected Publicly Traded Companies Analysis* and *Selected Precedent Transactions* Analysis. But it appears that Plaintiff has all but abandoned this portion of his Section 14(a) claim, as he dedicates less than one page to such claim in his Memorandum. (Pl. Memo at 16, 19).

That is presumably because, as explained in Defendant's Memorandum, courts across the country unfailing find that such information is immaterial as a matter of law and need not be disclosed.[6] For example, in *Sodhi v. Gentium*, the Southern District of New York held, on a

---

[6] *See e.g.*, *Ridler v. Hutchinson Tech. Inc.*, 216 F. Supp. 3d 982, 987 (D. Minn. 2016) (finding that comparable transaction and company "multiples" were not material and need not be disclosed); *Greenthal v. Joyce*, 2016 U.S. Dist. LEXIS 11132, at *14-17 (S.D. Tex. Jan. 29, 2016) (inputs and assumptions underlying "growth rates" and "the observed company-by-company pricing multiples" were immaterial); *Sodhi v. Gentium S.P.A.*, 2015 U.S. Dist. LEXIS 7344, at

motion to dismiss, that the "inputs and assumptions" underlying a financial advisor's analyses, such as those alleged here, did not need to be disclosed. 2015 U.S. Dist. LEXIS 7344, at *13-19, 25. In that case, the plaintiff, represented by the same counsel who represents Plaintiff in this case, alleged virtually identical omissions as those alleged here, including "the inputs and assumptions employed by [the company's financial advisor] to derive the range of discount rates" and the "implied terminal [EBITDA] multiples" and other "key inputs" in its "Selected Public Companies Analysis," including "multiples for the public companies observed by [the financial advisor]" in that analysis. *Id.* at *16-19. The court concluded such alleged omissions were "properly characterized as quibbles" rather than material omissions, and, on that basis, dismissed the plaintiff's complaint without leave to amend. *Id.* at *16, 25.

Plaintiff does not even begin to acknowledge the force of *Sodhi* in his Opposition. Nor has Plaintiff cited any relevant contrary authority[7] or meaningfully addressed or distinguished the remaining cases cited by the Defendants in their Memorandum. Accordingly, the allegedly omitted "inputs and assumptions" underlying Stifel's financial analysis are immaterial and need not be disclosed.

### 2.     Plaintiff Has Failed To Plead Demand Futility

Plaintiff's Section 14(a) claim must be dismissed for an additional reason – that is, Plaintiff lacks standing to assert this claim directly on behalf of himself and other Jaguar stockholders. Contrary to Plaintiff's suggestion in his Memorandum, the gravamen of the alleged

---

*18 (S.D.N.Y. Jan. 22, 2015) (discussed in text); *Himmel v. Bucyrus Int'l, Inc.*, 2014 U.S. Dist. LEXIS 50481, at *56-60 (E.D. Wis. Apr. 11, 2014) (rejecting claim that failure to disclose "'the underlying detail of the pricing multiples render[ed] the analysis materially misleading"); *La. Mun. Police Emples. Ret. Sys. v. Cooper Indus. PLC*, 2012 U.S. Dist. LEXIS 148542, at *25-26 (N.D. Ohio Oct. 16, 2012) (dismissing Section 14(a) claim based upon the alleged failure to disclose "the key inputs and assumptions underlying the fairness opinion provided . . . by . . . Goldman Sachs."); *IBEW Local*, 2012 U.S. Dist. LEXIS 36784, at *32 (dismissing Section 14(a) claim based on omission of "'the underlying methodologies, projections, key inputs, and multiples,' pertaining to [the financial advisor's] financial analyses"); *Calleros*, 892 F. Supp. 2d at 1175 (similar); *see also, e.g., In re Trulia, Inc. Stockholder Litig.*, 129 A.3d 884, 905-06 (Del. Ch. Jan. 22, 2016) (similar).

[7] Plaintiff's citation to *Smith v. Robbins & Myers*, 969 F. Supp. 2d 850 (S.D. Ohio 2013), misses the mark, as that case involved a claim that the analysis prepared by the defendant company's investment bank was purposefully skewed downward in order to obtain approval of the transaction. That is a far cry from what is alleged here.

harm alleged is derivative in nature and may be asserted only by Jaguar unless Plaintiff pleads standing to sue on the Company's behalf under Federal Rule of Civil Procedure 23.1 – which he has failed to do.

Plaintiff alleges that Jaguar stockholders suffered harm as a result of the transaction because "the Merger Consideration inadequately valued Jaguar." Compl. ¶¶ 8, 41. In effect, Plaintiff claims that Jaguar overpaid for Napo. *Id.* Such alleged harm is the classic example of a derivative injury. *See Kelley v. Rambus, Inc.*, 2008 U.S. Dist. LEXIS 100319, at *12 n.5 (N.D. Cal. Dec. 9, 2008); *Anastasio v. Internap Network Servs. Corp.*, 2010 U.S. Dist. LEXIS 147959, at *39 (N.D. Ga. Sep. 14, 2010) (holding that corporate overpayment claim is derivate in nature; dismissing Section 14(a) claim for failure to plead demand futility). Because Plaintiff did not make a pre-suit demand or plead facts demonstrating that such a demand would have been futile, Plaintiff lacks standing to assert the alleged claim under Section 14(a), and his case must be dismissed.

### 3.     Plaintiff Has Failed To Plead Economic Loss and Loss Causation

Even assuming that Plaintiff had alleged both material omissions and direct rather than derivative harm (he has not), his Section 14(a) claim must dismissed because he has failed to plead economic loss or loss causation, both of which are required to state a claim under Section 14(a) of the Exchange Act and SEC Rule 14a-9. *See Stoneridge Inv. P'rs, LLC v. Sci.-Atlanta, Inc.*, 552 U.S. 148, 165 (2008) (quoting 15 U.S.C. § 78u-4(b)); *N.Y.C. Empls.' Ret. Sys. v. Jobs*, 593 F.3d 1018, 1023 (9th Cir. 2010) ("[L]oss causation . . . must be proven in the context of a private action under § 14(a) of the 1934 Act and SEC Rule 14a-9 promulgated thereunder.").

Plaintiff asserts that he pleaded loss causation by virtue of the fact that he alleged "the virtually complete eradication of Jaguar's stock value since the announcement of the Transaction." (Pl. Memo at 22). But that is not sufficient to plead loss causation. Rather, "[t]o show loss causation, a plaintiff must allege . . . that there is a 'causal connection between the deceptive acts that form the basis for the claim of securities fraud and the injury suffered[.]'" *In re Daou Sys., Inc.*, 411 F.3d 1006, 1025 (9th Cir. 2005); *see also Dura Pharm., Inc. v. Broudo*, 553 U.S. 336, 346 (2005). To plead that causal connection, a plaintiff must plead that the "defendant's fraudulent practices were not only 'revealed to the market' through a 'corrective disclosure,' but also that the

corrective disclosure caused the resulting losses." *Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1062 (9th Cir. 2008); *see also Brown v. Ambow Educ. Hldg. Ltd.*, 2014 U.S. Dist. LEXIS 18809, at *13-14 (C.D. Cal. Feb. 6, 2014); *Weiss v. Amkor Tech., Inc.*, 527 F. Supp. 2d 938, 946 (D. Ariz. 2007); *In re Merrill Lynch & Co. Research Reports & Secs. Litig.*, 2008 U.S. Dist. LEXIS 44344, 2008 WL 2324111, at *5 (S.D.N.Y. June 4, 2008).  Here, there is no correction of a false statement, and thus loss causation has not been pleaded.

The loss causation requirement "ensures that the market actually learns of and reacts to the specific fraud alleged by the plaintiff, as opposed to reacting to reports of the defendant's poor financial health generally." *Brown v. Ambow Educ. Hldg. Ltd.*, 2014 U.S. Dist. LEXIS 18809, at *13-14 (citing *In re Daou Sys., Inc.*, 411 F.3d at 1025-27).  Plaintiff's Complaint contains no such allegations, and has therefore failed to plead loss causation, which is yet another basis for dismissal.

**B.  Plaintiff's Section 20(a) Claim (Count II) Should Be Dismissed**

Finally, Plaintiff acknowledges that his Section 20(a) claim his predicated on the viability of his Section 14(a) claim, and that if his Section 14(a) claim is dismissed, so too must his Section 20(a) claim be.  (Pl. Memo at 25).  Because Plaintiff has failed to adequately plead a primary violation under Section 14(a), his Section 20(a) claim must also be dismissed.

**III.  CONCLUSION**

For the foregoing reasons, the Court should dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  Because the Complaint has already been amended once and its shortcomings cannot be repaired through further amendment, the dismissal should be with prejudice.

Dated:  May 14, 2018                    **PEPPER HAMILTON LLP**

By:  /s/ Pamela S. Palmer

M. Duncan Grant (grantm@pepperlaw.com)
Christopher B. Chuff (chuffc@pepperlaw.com)
1313 Market Street, Suite 5100
Wilmington, Delaware 19899
Tel: (302) 777- 6544

-and-

Pamela S. Palmer (palmerp@pepperlaw.com)
Kevin Crisp (crispk@pepperlaw.com)
350 South Grand Avenue
Two California Plaza, Suite 3400
Los Angeles, CA 90071
Tel: (213) 928-9814

*Attorney for Defendants Jaguar Animal Health, Inc., James J. Bochnowski, Lisa Conte, John Micek III, and Ari Azhir*

# CERTIFICATE OF SERVICE

I am employed in the County of Orange, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is Pepper Hamilton, LLP, 4 Park Plaza, Suite 1200, Irvine, California 92614.

On May 14, 2018, I served the following document(s):

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT of MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

☒ **By Electronic Filing and Service**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Central District of California by using the Court's CM/ECF system

Participants in this case who are registered CM/ECF users will be served by the Court's CM/ECF system:

David Eldridge Bower
dbower@monterdelaw.com; mschreiner@monteverdelaw.com; jmonteverde@monteverdelaw.com;

I declare under penalty of perjury of the laws of the United States of American that I am employed by a member of the Bar of this Court and that the foregoing is true and correct.

Executed on May 14, 2018, in Irvine, California.

/s/Janine Philips_____
Janine Philips