UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY PLANT,<br><br>        Plaintiff,<br><br>    v.<br><br>JAGUAR ANIMAL HEALTH, INC, et al.,<br><br>        Defendants. | Case No. 17-cv-04102-RS<br><br>**ORDER GRANTING MOTION TO DISMISS** |

## I. INTRODUCTION

Defendants move to dismiss plaintiff Tony Plant's amended putative class action complaint for securities fraud in connection with a merger between Jaguar Animal Health, Inc. ("Jaguar") and Napo Pharmaceuticals, Inc. The motion will be granted, with leave to amend.

## II. BACKGROUND

Jaguar is a publicly traded animal health company focused on developing and commercializing gastrointestinal products for certain animals. Napo was a privately owned pharmaceutical company focused on development and commercialization of proprietary pharmaceuticals for humans. The two companies announced a stock-for-stock merger in March of 2017 whereby Jaguar would acquire all of Napo's outstanding stock and Napo would become a wholly-owned subsidiary of Jaguar. Jaguar would issue new stocks and other securities to fund the transaction and Jaguar's shareholders would own about 25% of the combined entity. Jaguar and

Napo filed a final joint proxy statement (the "Proxy") with the Securities & Exchange Commission (the "SEC") in July of 2017. Later that month, Jaguar stockholders approved the merger and the transaction closed.

On behalf of himself and similarly situated shareholders of Jaguar, Plant alleges that defendants Jaguar, its post-merger entity Jaguar Health, Inc., and members of Jaguar's board, James J. Bochnowski, Lisa Conte, John Micek III, and Ari Azhir (collectively "Individual Defendants") violated Section 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") by issuing a materially incomplete and misleading joint proxy statement. Specifically, the complaint alleges the Proxy omitted material information in four categories:

> (i) the unlevered free cash flows Jaguar and Napo were projected to generate between 2017 and 2026 ("cash flow projections");
>
> (ii) the pro-forma projections for Jaguar and Napo based on the merger going forward (the "pro forma projections");
>
> (iii) the probabilities of technical success rates determined by Jaguar management ("probabilities of technical success rates"), which were assumptions regarding the probability of the company's drugs successfully making it to market that were relied upon in preparing the projections and valuation analyses disclosed in the Proxy; and,
>
> (iv) the individual multiples calculated by Jaguar's financial advisor, Stifel, in connection with its "Selected Companies and Transactions Analyses" and the inputs underlying the discount rate utilized in connection with Stifel's "Discounted Cash Flow Analysis."

In the opposition, Plant relies heavily on an additional misrepresentation and/or failure to disclose that he candidly acknowledges is not pleaded in the existing complaint.  Specifically, Plant argues that while the Proxy stated Jaguar's Equilevia™ drug was intended to be sold as a prescription product—with the attendant delays and costs in obtaining regulatory approvals—within days of the transaction closing the merged entity announced the product would instead be sold on a non-prescription basis, starting in the near future.

### III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations are not required," a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A motion to dismiss a complaint under Federal Rule of Civil Procedure Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013). When evaluating such a motion, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). When a plaintiff has failed to state a claim upon which relief can be granted, leave to amend should be granted unless "the complaint could not be saved by any amendment." *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002) (citation and internal quotation marks omitted).

## IV. DISCUSSION

**A. The Section 14(a) Claim**

Section 14(a) of the Exchange Act makes it unlawful to solicit shareholder approval using a proxy statement that does not comply with the rules and regulations of the SEC. 15 U.S.C. §78n. SEC Rule 14a-9 prohibits proxy statements that are "false or misleading with respect to any material fact." 17 C.F.R. § 240.14a-9. Collectively, these provisions "disallow the solicitation of a proxy by a statement that contains either (1) a false or misleading declaration of material fact, or (2) an omission of material fact that makes any portion of the statement misleading." *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022 (9th Cir. 2000).

"An omitted fact or misrepresentation in a proxy statement is material when there is a substantial likelihood that a reasonable shareholder would consider it important in deciding how to vote." *TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 449 (1976). Here, Plant has failed to allege sufficient facts to show that the omissions presently alleged in the complaint were material. Rather, at least at this juncture, the information Plant contends was omitted appears to be details that, if disclosed would not have substantially altered the "total mix" of information available to the shareholders. *See In re Hot Topic, Inc. Sec. Litig.*, No. CV 13-02939 SJO JCX, 2014 WL 7499375, at *9 (C.D. Cal. May 2, 2014) ("Plaintiff's argument chiefly rests on Defendants' omission of certain accounting details from the Proxy Statement, including stock based compensation expense, working capital, taxes or marginal tax rate, net income, and unlevered free cash flows. Requiring these particularized accounting details as a matter of course would threaten to bury the shareholders in an avalanche of trivial information.")(footnote and internal citation omitted); *see also*, *Sodhi v. Gentium S.p.A.*, No. 14-CV-287 JPO, 2015 WL 273724, at *5 (S.D.N.Y. Jan. 22, 2015)("a disclosure statement must contain only a fair summary of the underlying bases for a financial advisor's fairness opinion . . . .Investors, as a general matter, are not entitled to disclosures sufficient to make [their] own independent assessment of a stock's value . . . [d]isclosure of an item of information is not required . . . simply because it may be relevant or of interest to a reasonable investor" . . . . [Q]uibbles with a financial advisor's work simply cannot

be the basis of a disclosure claim.")(internal quotations, footnote, and citations omitted).

Plant's insistence that the omissions impeded Jaguar shareholders from conducting a meaningful evaluation of the merger proposal is overly conclusory. Although Plant is correct that he does not have the burden to establish materiality as a matter of law, he still must plead sufficient *facts*, as opposed to conclusions, from which the materiality of the omissions can be assessed. To be sure, Plant cannot be faulted for not knowing the exact content of the material he contends was omitted. Nevertheless, to render the alleged omissions actionable, he must plead how the omitted material would have changed the analysis and/or how it rendered the affirmative representations in the Proxy misleading or false.  Accordingly the motion to dismiss must be granted.

Defendants also contend dismissal is warranted because the allegations do not support causation, and because Plant has not satisfied the prerequisites for a derivative action. Because those issues may recur in connection with an amended complaint, they will be addressed briefly. "Where there has been a finding of materiality, a shareholder has made a sufficient showing of causal relationship between the violation and the injury for which he seeks redress if . . . he proves that the proxy solicitation . . . was an essential link in the accomplishment of the transaction." *Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375, 385 (1970). It appears likely that Plant can make that showing here. Contrary to defendants' contention, the challenged omissions and/or misrepresentations need not be revealed to the market and thereby cause the alleged losses to establish causation in this case. While such a requirement exists for shareholder suits under Rule 10(b), *see Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 341 (2005), it has no applicability in the context of this case, where plaintiffs are not contending they paid inflated prices for their shares as a result of the fraud.

Finally, defendants' contention that this action can only be brought as a derivative suit is not compelling. *See Yamamoto v. Omiya*, 564 F.2d 1319, 1326 (9th Cir. 1977) ("[A] shareholder who alleges a deceptive or misleading proxy solicitation is entitled to bring both direct and derivative suits. The former action protects the shareholders' interest in 'fair corporate suffrage.'")

(quoting *J. I. Case Co. v. Borak,* 377 U.S. 426, 431 (1964)).

### B. The Section 20(a) Claim

Section 20(a) of the Exchange Act provides joint and several liability for controlling persons who aid and abet violations of the Exchange Act absent a finding of good faith and lack of inducement. 15 U.S.C. § 78t(a). In order to prove a prima facie case under Section 20(a), a plaintiff must prove: (1) "a primary violation of federal securities law" and (2) "that the defendant exercised actual power or control over the primary violator." *Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1065 (9th Cir. 2000). Because Plant has not successfully pleaded the underlying section 14(a) claim, the section 20(a) claim necessarily falls. Again, however, leave to amend will be granted.

### V. CONCLUSION

The motion to dismiss is granted, with leave to amend. Any amended complaint shall be filed within 20 days of the date of this order. The Case Management Conference is continued to December 6, 2018, with an updated joint case management conference statement due one week in advance.

**IT IS SO ORDERED**.

Dated: September 20, 2018

_____
RICHARD SEEBORG
United States District Judge