David E. Bower (SBN 119546)
**MONTEVERDE & ASSOCIATES PC**
600 Corporate Pointe, Suite 1170
Culver City, CA 90230
Tel: (213) 446-6652
Fax: (212) 202-7880
Email: dbower@monteverdelaw.com

*Counsel for Lead Plaintiff Tony Plant and Lead Counsel for the Settlement Class*

*[Additional Counsel on Signature Page]*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TONY PLANT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>JAGUAR ANIMAL HEALTH, INC., JAMES J. BOCHNOWSKI, LISA CONTE, JOHN MICEK III, and ARI AZHIR,<br><br>Defendants. | Case No. 3:17-cv-04102-RS<br><br>**LEAD PLAINTIFF'S NOTICE OF MOTION, MOTION FOR ATTORNEYS' FEES AND EXPENSES AND SERVICE AWARD, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: May 27, 2021<br>Time: 1:30 p.m.<br>Courtroom: 3 – 17th Floor<br>Judge: Hon. Richard Seeborg |

**TABLE OF CONTENTS**

NOTICE OF MOTION……………………………………………………………………....1

STATEMENT OF ISSUES TO BE DECIDED…………………………………………...……1

MEMORANDUM OF POINTS AND AUTHORITIES……………………………………….2

I.    PRELIMINARY STATEMENT & SUMMARY OF ARGUMENT…………………2

II.   ARGUMENT……………………………………………………………………….4

    A. Lead Counsel is Entitled to an Award of Attorneys' Fees from the Common Fund Based on the Percentage-of-Recovery Method………………………………...4

    B. Lead Counsel's Request for Attorneys' Fees in the Amount of One-Third of the Settlement Fund is Reasonable…………………………………………………5

       1. The Results Achieved………………………………………………………5

       2. The Risk of Litigation…………………………………………………………6

       3. The Skill Required and the Quality of Work……………………………….7

       4. The Contingent Nature of the Fee and the Financial Burden…………………8

       5. Fee Awards of One-Third of the Common Fund in Similar Cases………...…10

    C. A Lodestar Check Confirms the Reasonableness of the Requested Fee...............11

    D. The Requested Expense Award is Reasonable…………………………….…12

    E. Lead Plaintiff's Requested Service Award is Fair and Reasonable……….…..12

III.  CONCLUSION…………………………………………………………………….13

# TABLE OF AUTHORITIES

**CASES**                                                                                           **PAGE(S)**

*In re Am. Apparel S'holder Litig.*,
   Case No. CV 10-06352 MMM (JCGx),
   2014 U.S. Dist. LEXIS 184548 (C.D. Cal. July 28, 2014) ...................................................... 12

*In re Apple Inc. Device Performance Litig.*,
   No. 5:18-md-02827-EJD, 2021 U.S. Dist. LEXIS 50546 (N.D. Cal. Mar. 17, 2021) ............. 8

*Atlas v. Accredited Home Lenders Holding Co.*,
   CASE NO. 07-CV-00488-H (CAB),
   2009 U.S. Dist. LEXIS 103035 (S.D. Cal. Nov. 2, 2009) ...................................................... 12

*Bailey v. Kinder Morgan G.P., Inc.*,
   No. 18-cv-03424-TSH, 2020 U.S. Dist. LEXIS 176922 (N.D. Cal. Sept. 25, 2020) ............. 10

*In re Bluetooth Headset Prods. Liab. Litig.*,
   654 F.3d 935 (9th Cir. 2011) .............................................................................................. 4, 5

*Campbell v. Transgenomic, Inc.*,
   No. 4:17-CV-3021, 2020 U.S. Dist. LEXIS 97063 (D. Neb. June 3, 2020) .......................... 11

*Chen v. Howard-Anderson*,
   No. 5878-VCL, 2017 Del. Ch. LEXIS 734 (Del. Ch. June 30, 2017) ..................................... 9

*Cicero v. DirecTV, Inc.*,
   No. EDCV 07-1182, 2010 U.S. Dist. LEXIS 86920 (C.D. Cal. July 27, 2010) .................... 10

*Covillo v. Specialty's Café*,
   No. C-11-00594 DMR, 2014 U.S. Dist. LEXIS 29837 (N.D. Cal. Mar. 6, 2014) ................. 12

*Craft v. County of San Bernardino*,
   624 F. Supp. 2d 1113 (C.D. Cal. 2008) ............................................................................ 3, 10

*Deaver v. Compass Bank*,
   No. 13-cv-00222-JSC, 2015 U.S. Dist. LEXIS 166484 (N.D. Cal. Dec. 11, 2015) ................ 9

*Denton v. Pennymac Loan Servs., L.L.C.*,
   No. 4:16cv32, 2017 U.S. Dist. LEXIS 74037 (E.D. Va. May 12, 2017) ................................ 9

*Destefano v. Zynga, Inc.*,
   No. 12-cv-04007-JSC, 2016 U.S. Dist. LEXIS 17196 (N.D. Cal. Feb. 11, 2016) .................. 8

*In re Diet Drugs Prod. Liab. Litig.*,
   582 F.3d 524 (3d Cir. 2009) ................................................................................................... 2

*Dudum v. Carter's Retail, Inc.*,
   No. 14-cv-00988-HSG, 2016 U.S. Dist. LEXIS 166881 (N.D. Cal. Dec. 2, 2016) ................ 9

*In re Dynamic Random Access Memory (DRAM)*,
   No. C 06-6436 PJH, 2013 U.S. Dist. LEXIS 190974 (N.D. Cal. Oct. 30, 2013) ............... 3, 11

*In re Extreme Networks, Inc. Sec. Litig.*,
   No. 15-cv-04883-BLF, 2019 U.S. Dist. LEXIS 121886 (N.D. Cal. July 22, 2019) .......... 4, 12

*J.I. Case Co. v. Borak*,
   377 U.S. 426 (1964) ..................................................................................................................... 3

*Jiangchen v. Rentech, Inc.*,
   No. CV 17-1490-GW(FFMx),
   2019 U.S. Dist. LEXIS 180474 (C.D. Cal. Oct. 10, 2019) ......................................... 6, 10, 11

*In re Lithium Ion Batteries Antitrust Litig.*,
   No. 2420, 2020 U.S. Dist. LEXIS 233607 (N.D. Cal. Dec. 10, 2020) .............................. 3, 11

*In re Mego Fin. Corp. Sec. Litig.*,
   213 F.3d 454 (9th Cir. 2000) ..................................................................................................... 10

*Morris v. Lifescan, Inc.*,
   54 F. App'x 663 (9th Cir. 2003) ................................................................................................ 10

*In re Nexus 6P Prods. Liab. Litig.*,
   No. 17-cv-02185-BLF, 2019 U.S. Dist. LEXIS 197733 (N.D. Cal. Nov. 12, 2019) ............... 5

*In re Nuvelo Sec. Litig.*,
   No. C 07-04056 CRB, 2011 U.S. Dist. LEXIS 72260 (N.D. Cal. July 6, 2011) ................ 3, 10

*In re Omnivision Techs.*,
   559 F. Supp. 2d 1036 (N.D. Cal. 2007) ............................................................................ *passim*

*In re Pac. Enters. Sec. Litig.*,
   47 F.3d 373 (9th Cir. 1995) ....................................................................................................... 10

*Provine v. Off. Depot, Inc.*,
   No. C 11-903 SI, 2013 U.S. Dist. LEXIS 199753 (N.D. Cal. Nov. 25, 2013) ................... 3, 11

*Richardson v. THD At-Home Servs.*,
   No. 1:14-cv-0273-BAM, 2016 U.S. Dist. LEXIS 46784 (E.D. Cal. Apr. 5, 2016) ................. 7

*Rivas v. BG Retail, L.L.C.*,
   No. 16-cv-06458-BLF, 2020 U.S. Dist. LEXIS 8712 (N.D. Cal. Jan. 16, 2020) ........... 3, 9, 10

*Rossini v. PNC Fin. Servs. Grp., Inc.*,
   No. 2:18-cv-1370, 2020 U.S. Dist. LEXIS 113242 (W.D. Pa. June 26, 2020) ........................ 8

*Six (6) Mexican Workers v. Ariz. Citrus Growers*,
   904 F.2d 1301 (9th Cir. 1990) .......................................................................................... 4, 5, 11

*Todd v. STAAR Surgical Co.*,
   No. CV 14-5263 MWF (GJSx), 2017 U.S. Dist. LEXIS 176183 (C.D. Cal. Oct. 24, 2017) . 12

*Van Vranken v. Atl. Richfield Co.*,
   901 F. Supp. 294 (N.D. Cal. 1995) ....................................................................................... 3

*Vizcaino v. Microsoft Corp.*,
   290 F.3d 1043 (9th Cir. 2002) ......................................................................................... 2, 4

*Wing v. Asarco Inc.*,
   114 F.3d 986 (9th Cir. 1997) ............................................................................................... 8

*Young v. Polo Retail, L.L.C.*,
   No. No C-02-4546 VRW, 2007 U.S. Dist. LEXIS 27269 (N.D. Cal. Mar. 28, 2007) ....... 3, 11

**STATUTES**

15 U.S.C. § 78u-4(a)(4) ................................................................................................... 1, 4, 12

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23 ...................................................................................................................... 4

Kevin LaCroix, *Rare Securities Class Action Lawsuit Trial Results in Partial Verdict for Plaintiffs* (February 5, 2019), www.dandodiary.com. ................................................................. 7

Ravi Sinha, *Shareholder Litigation Involving Acquisitions of Public Companies*, 2015 and 1H 2016 (Cornerstone Research 2016) ........................................................................................ 2

Stefan Boettrich and Svetlana Starykh, *Recent Trends in Securities Class Action Litigation: 2018 Full-Year Review* (NERA Jan. 29, 2019) ................................................................................. 6, 11

## NOTICE OF MOTION

**TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that on Thursday, May 27, 2021, at 1:30 p.m., or as soon thereafter as counsel may be heard before the Honorable Richard Seeborg, Chief United States District Judge, at the United States Courthouse, United States District Court, Northern District of California, 450 Golden Gate Ave., San Francisco, California, Lead Plaintiff Tony Plant ("Lead Plaintiff"), on behalf of himself and all Settlement Class Members,[1] will and hereby does move for: (i) an award of attorneys' fees; (ii) reimbursement of costs and expenses for Lead Counsel; and (iii) an award of reasonable costs and expenses for Lead Plaintiff relating to his representation of the Settlement Class pursuant to 15 U.S.C. § 78u-4(a)(4).

This motion is supported by the following memorandum of points and authorities, the accompanying Declaration of Juan E. Monteverde ("Monteverde Decl.") and the exhibits thereto, and such other and further representations as may be made by counsel at any hearing on this matter.

## STATEMENT OF ISSUES TO BE DECIDED

1. Whether Lead Counsel's application for an award of attorneys' fees in the amount of one-third of the Settlement Fund ($866,666.67) is fair and reasonable and should be approved.

2. Whether Lead Counsel's request for reimbursement of costs and expenses in the amount of $16,960.20 is fair and reasonable and should be approved.

3. Whether Lead Plaintiff's request for a service award of reasonable costs and expenses relating to his representation of the Settlement Class in the amount of $5,000 is fair and reasonable and should be approved.

---

[1] All capitalized terms not defined herein have the same meanings set forth in the Stipulation of Settlement dated December 29, 2020 ("Stipulation"), that was filed as Exhibit 1 to the Declaration of Juan E. Monteverde in Support of Lead Plaintiff's Motion for Preliminary Approval of Settlement on December 30, 2020 (ECF No. 81).

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT & SUMMARY OF ARGUMENT

Lead Counsel, on behalf of Lead Plaintiff and the Settlement Class, vigorously litigated this Action for the past three years without compensation, resulting in the Settlement of $2.6 million for Jaguar shareholders.[2] Lead Counsel now seeks an award of attorneys' fees in the amount of $866,666.67 (representing one-third of the Settlement Fund), plus reimbursement of Lead Counsel's costs and expenses in the amount of $16,960.20 (collectively, the "Fee and Expense Award"). An award above the Ninth Circuit's "starting point" 25% "benchmark rate," *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002), is warranted here for several reasons.

First, the Settlement Amount represents an excellent result when measured against the best possible outcome if the case had proceeded to trial, and in light of the significant hurdles the Settlement Class faced going forward. Indeed, the Settlement Amount represents 26%-50% of the potential recovery at trial. The recovery here is particularly noteworthy given that monetary settlements in merger-related Section 14(a) actions are rare.[3] Moreover, unlike securities fraud actions under Section 10(b)—where shareholders often pursue litigation after misconduct is uncovered by public news sources or the government—Lead Plaintiff and Lead Counsel had to lay their own "groundwork" by independently investigating and uncovering the facts that supported the asserted claims. *In re Diet Drugs*, 582 F.3d 524, 544 (3d Cir. 2009). This was a

---

[2] *See* Lead Plaintiff's Motion for Final Approval of Settlement for the procedural and factual background of the Action.

[3] In a 2016 study by Cornerstone Research, out of the hundreds of merger-related class action cases filed during 2015 and the first half of 2016, only six resulted in a monetary recovery for stockholders. Ravi Sinha, *Shareholder Litigation Involving Acquisitions of Public Companies*, 2015 and 1H 2016, at 5 (Cornerstone Research 2016), available at https://www.cornerstone.com/Publications/Reports/Shareholder-Litigation-Involving-Acquisitions-2016.pdf. The study noted that in merger-related class action litigation, "[m]onetary consideration paid to shareholders has remained relatively rare." *Id*.

difficult task given the information asymmetry shareholders face, but "provide[d] a necessary supplement to [SEC] action." *J.I. Case Co. v. Borak,* 377 U.S. 426, 432 (1964).

Additionally, courts in this Circuit have consistently found higher percentage awards appropriate in cases where the common fund—although sizeable in relation to the class' best possible recovery—is relatively small in absolute terms. *See Rivas v. BG Retail, LLC*, No. 16-cv-06458-BLF, 2020 U.S. Dist. LEXIS 8712, at *23 (N.D. Cal. Jan. 16, 2020) (awarding 45% of $175,000 common fund and noting "case law surveys suggest that 50% is the upper limit, with 30-50% commonly being awarded in case in which the common fund is relatively small."); *In re Nuvelo Sec. Litig.*, No. C 07-04056 CRB, 2011 U.S. Dist. LEXIS 72260, at *8 (N.D. Cal. July 6, 2011) (finding same "factor supports an upward adjustment of the benchmark" in a securities case); *Craft v. Cty. of San Bernardino*, 624 F. Supp. 2d 1113, 1127 (C.D. Cal. 2008) ("Cases of under $10 Million will often result in fees above 25%.") (citing *Van Vraken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 297-98 (N.D. Cal. 1995)).

Lastly, an award above the 25% benchmark is warranted in light of Lead Counsel's lodestar of $1,083,852.50, which results in a negative multiplier of .79 even at the requested 33%. This Court has often cited negative multipliers as a factor justifying an award above 25%. *See, e.g., Provine v. Office Depot, Inc.*, No. C 11-903 SI, 2013 U.S. Dist. LEXIS 199753, at *3-5 (N.D. Cal. Nov. 25, 2013) (awarding 33% of common fund where fee resulted in a negative multiplier); *Young v. Polo Retail, LLC*, No. C-02-4546 VRW, 2007 U.S. Dist. LEXIS 27269, at *22 (N.D. Cal. Mar. 28, 2007) (awarding 31% and noting the "negative multiplier suggests that, despite exceeding the 25% benchmark used by some courts, the fees sought here are reasonable based on the time and effort expended by plaintiff's counsel."); *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-MD-02420 YGR (DMR), 2020 U.S. Dist. LEXIS 233607, at *88-89, *91 (N.D. Cal. Dec. 10, 2020) (explaining that because of the negative multiplier, "the concerns that class counsel will receive a windfall if awarded fees at or near the normal benchmark do not arise."); *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, No. M-02-1486-PJH, 2013 U.S. Dist. LEXIS 190974, at *103 (N.D. Cal. Oct. 30, 2013) (Report and Recommendations of

3

Special Master) (when "there is a 'negative multiplier,' that is usually a sign that an upward adjustment of the percentage should be made.").

Lead Plaintiff also seeks an award of $5,000 relating to his representation of the Settlement Class (the "Service Award"), pursuant to 15 U.S.C. § 78u-4(a)(4). The requested Service Award is "presumptively reasonable in this judicial district[,]" *In re Extreme Networks, Inc. Sec. Litig.*, No. 15-cv-04883-BLF, 2019 U.S. Dist. LEXIS 121886, at *34 (N.D. Cal. July 22, 2019), and is in line with the amounts courts in the Ninth Circuit have approved in similar common fund cases. *Infra* § II(E).

As elaborated on below, both the requested Fee and Expense Award and Service Award are fair and reasonable, warranting approval by this Court.

## II. ARGUMENT

### A. Lead Counsel is Entitled to an Award of Attorneys' Fees from the Common Fund Based on the Percentage-of-Recovery Method

Federal Rule of Civil Procedure 23(h) provides that "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." "Where a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). "[C]ourts have discretion to choose which calculation method they use," so long as the discretion is "exercised so as to achieve a reasonable result." *Id*. Courts typically apply the percentage-of-recovery method when awarding attorneys' fees in common fund cases, because the benefit to the class is easily quantifiable. *Id.*; *see also Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). However, courts may still apply the lodestar method to crosscheck the reasonableness of the percentage-based award of attorneys' fees. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050 (9th Cir. 2002).

Here, the Settlement Fund represents a common fund for stockholders who held shares of Jaguar during the Settlement Class Period, and Lead Plaintiff's and Lead Counsel's litigation of

the Action and subsequent negotiation of the proposed Settlement has conferred a substantial benefit on the Settlement Class. Accordingly, Lead Counsel is entitled to an award of attorneys' fees from the common fund, using the percentage-of-recovery method.

**B. Lead Counsel's Request for Attorneys' Fees in the Amount of One-Third of the Settlement Fund is Reasonable**

The Ninth Circuit has established a 25% benchmark for awards of attorneys' fees in common fund cases. *Vizcaino*, 290 F.3d at 1048. However, this benchmark is merely "a starting point for analysis," *id*., and "can be adjusted, or replaced by a lodestar calculation, when special circumstances indicate that the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors." *Six Mexican Workers*, 904 F.2d at 1311; *Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d at 942; *Vizcaino*, 290 F.3d at 1048.

To determine what constitutes a reasonable award under the percentage-of-recovery method, the Ninth Circuit has approved consideration of the following five factors: (1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden; and (5) awards made in similar cases. *See Vizcaino*, 290 F.3d at 1048-50; *In re Nexus 6P Prods. Liab. Litig.*, No. 17-cv-02185-BLF, 2019 U.S. Dist. LEXIS 197733, at *34 (N.D. Cal. Nov. 12, 2019); *In re Omnivision Techs.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2007).

Here, consideration of these factors strongly supports an upward departure from the 25% benchmark, and favors the requested fee of one-third of the Settlement Fund.

### 1. The Results Achieved

"The overall result and benefit to the class from the litigation is the most critical factor in granting a fee award." *Omnivision Techs.*, 559 F. Supp. 2d at 1046. Here, the Settlement Amount is a very favorable result for the Settlement Class, particularly when measured against the significant challenges and risks they faced going forward with litigation.

Based on Lead Plaintiff's contested loss causation and damages theories, and after consulting with a damages expert, Lead Plaintiff and Lead Counsel believe the best possible

recovery at trial could range from $5.2 million to $9.9 million. Defendants undoubtedly deem this range high, and believe the Settlement Class would have recovered nothing had this case proceeded. Thus, the proposed Settlement Amount represents a recovery of between 26% to 50% of the best-case estimated damages for the Settlement Class. This is a stellar result. Indeed, in 2018 the median recovery in securities class actions was only 2.6% of estimated damages – far below the percentage here. Stefan Boettrich and Svetlana Starykh, *Recent Trends in Securities Class Action Litigation: 2018 Full-Year Review*, 1, 36 (NERA Jan. 29, 2019) (Monteverde Decl., Ex. 5); *see also Jiangchen v. Rentech, Inc.*, No. CV 17-1490-GW(FFMx), 2019 U.S. Dist. LEXIS 180474, at *29 (C.D. Cal. Oct. 10, 2019) ("10% recovery of estimated damages is a favorable outcome in light of the challenging nature of securities class action cases."); *Omnivision Techs.*, 559 F. Supp. 2d at 1046 ("the Settlement creates a total award of approximately 9% of the possible damages, which is more than triple the average recovery in securities class action settlements.").

Simply put, the Settlement Amount is an outstanding result when measured against the best possible outcome for the Settlement Class, and supports the approval of the requested fee.

### 2. The Risk of Litigation

The risk that going forward with litigation might result in no recovery for the Settlement Class, particularly where (as here) complex legal issues are contested, "is a significant factor in the award of fees." *Omnivision Techs.*, 559 F. Supp. 2d at 1046-47. "Although [Lead Plaintiff] had survived two motions to dismiss, the Court had not yet certified the class, and Defendants were likely to move for summary judgment on the issues of loss causation" negligence, and materiality. *Id*. Moreover, "[t]he parties' estimates of possible damages varied dramatically, such that if [Lead Plaintiff] prevailed on liability but Defendants prevailed on damages, the reward could have been even smaller." *Id*. And even if Lead Plaintiff "proceeded to trial before a jury, the outcome remained uncertain." *Id*. Indeed, from 1996 to 2018, only 25 securities class actions

MOTION FOR ATTORNEYS' FEES AND EXPENSES AND SERVICE AWARD
Case No. 3:17-cv-04102-RS

have gone to a verdict and of those 25, only 13 resulted in a verdict for plaintiffs.[4] Thus, there is a very real chance that if the case had proceeded, the Settlement Class could have received no damages award at trial.

In light of these risks, the Settlement Amount is an excellent result for the Settlement Class, and the requested fee award is fair and reasonable.

### 3. *The Skill Required and the Quality of Work*

"The prosecution and management of a complex national class action requires unique legal skills and abilities. This is particularly true in securities cases because the [PSLRA] makes it much more difficult for securities plaintiffs to get past a motion to dismiss." *Omnivision Techs.*, 559 F. Supp. 2d at 1047; *see also Richardson v. THD At-Home Servs.*, 2016 U.S. Dist. LEXIS 46784, *23 (E.D. Cal. Apr. 5, 2016) ("The complexity of issues and skills required may weigh in favor of a departure from the benchmark fee award").

Lead Counsel has significant experience litigating securities class actions, *See* Monteverde Decl. Ex. 1 (Firm Resume), and they effectively utilized their skill and experience to procure an outstanding Settlement for Jaguar shareholders. Lead Counsel defended against two motions to dismiss, defeating the second after filing the Amended Complaint to hone in on Lead Plaintiff's central theory of liability regarding Equilevia. Thereafter, Lead Counsel obtained 277,532 pages of documents from Defendants containing email communications, board materials, financial data and projections, analyst reports, and other Merger-related documents, and also subpoenaed and obtained documents from Stifel. After thoroughly reviewing all document discovery and consulting with a damages expert, Lead Counsel engaged in a full-day mediation with an experienced securities class action mediator, Robert A. Meyer from JAMS. In preparing for mediation, Lead Counsel drafted a detailed mediation statement with 24 exhibits containing information obtained during discovery. Although mediation did not end in settlement, the Parties

---

[4] Kevin LaCroix, *Rare Securities Class Action Lawsuit Trial Results in Partial Verdict for Plaintiffs* (February 5, 2019), www.dandodiary.com.

continued settlement discussions with Mr. Meyer, which ultimately led to negotiation of the Settlement.

After three years of litigation, Lead Plaintiff and Lead Counsel chose to accept the favorable Settlement Amount "before expending resources that would otherwise have gone to the Class after further litigation." *Destefano v. Zynga, Inc.*, 2016 U.S. Dist. LEXIS 17196, at *59 (N.D. Cal. Feb. 11, 2016). Lead Counsel leveraged their skill and experience to procure a favorable recovery for the Settlement Class at "the sweet spot—a point where the parties have the key information they need to settle in a cost-effective way," without depleting funds that Defendants were willing to provide to shareholders at the time of the Settlement on "the battlefield" of further protracted and risky litigation. *Rossini v. PNC Fin. Servs. Grp., Inc.*, No. 2:18-cv-1370, 2020 U.S. Dist. LEXIS 113242, at *37 (W.D. Pa. June 26, 2020).

"The quality of opposing counsel is also relevant to the quality and skill that class counsel provided[.]" *Destefano*, 2016 U.S. Dist. LEXIS 17196, at *59; *Wing v. Asarco*, 114 F.3d 986, 989 (9th Cir. 1997). Lead Counsel's ability to obtain a favorable Settlement in the face of formidable legal opposition--a national, highly respected law firm, Troutman Pepper Hamilton Sanders LLP—further confirms the quality of Lead Counsel's representation and supports the requested fee award. *See In re Apple Inc. Device Performance Litig.*, No. 5:18-md-02827-EJD, 2021 U.S. Dist. LEXIS 50546, at *32 (N.D. Cal. Mar. 17, 2021).

### 4. *The Contingent Nature of the Fee and the Financial Burden*

Lead Counsel has shouldered the financial burden and risk of the litigation, which has resulted in an excellent Settlement for Jaguar shareholders. They have spent 1,764.90 "hours litigating this case, without receiving any compensation." *Omnivision Techs.*, 559 F. Supp. 2d at 1047. Moreover, Monteverde & Associates PC is a small firm with seven attorneys, and litigating this Action in a successful manner required it to devote a significant percentage of the firm's manpower and resources to this case and to forego other opportunities. "[T]he contingent nature of the case and the financial burden assumed further justify a departure from the benchmark.

Counsel was, to an extent, precluded from taking and devoting resources to other cases or potential cases, with no guarantee that the time expended would result in any recovery or recoupment of costs." *Dudum v. Carter's Retail, Inc.*, No. 14-cv-00988-HSG, 2016 U.S. Dist. LEXIS 166881, at *26-27 (N.D. Cal. Dec. 2, 2016); *see also Denton v. Pennymac Loan Servs., LLC*, No. 4:16-cv-32, 2017 U.S. Dist. LEXIS 74037, at *24 (E.D. Va. May 12, 2017) (accounting for fact that counsel "is a small law firm and thus representing a client on a contingent fee or fee-shifting basis necessarily involved loss of other opportunities.").

Moreover, "[t]he importance of assuring adequate representation for plaintiffs who could not otherwise afford competent attorneys justifies providing those attorneys who do accept matters on a contingent-fee basis a larger fee than if they were billing by the hour or on a flat fee." *Omnivision Techs.*, 559 F. Supp. 2d at 1047. Thus, "courts tend to find above-market-value fee awards" in contingency fee cases more appropriate, to encourage counsel to take on such cases for the benefit of plaintiffs who could not afford to pay hourly fees. *Deaver v. Compass Bank*, 2015 U.S. Dist. LEXIS 166484, at *35 (N.D. Cal. Dec. 11, 2015); *Omnivision Techs.*, 559 F. Supp. 2d at 1047. In this case, the one-third fee request is appropriate in light of the contingent nature of the fee, the three-year duration of the Litigation, and Lead Counsel's significant outlay of time and expenses.

The requested fee award is also warranted here given the small equity value of Jaguar. Courts have recognized that higher percentage fee awards are often appropriate in smaller-value actions in order to ensure that counsel is fairly compensated and to encourage them to take on cases involving corporate wrongdoing in smaller companies, which may otherwise go unchecked. *See Chen v. Howard-Anderson*, 2017 Del. Ch. LEXIS 734, at *6-7 (Del. Ch. June 30, 2017) (noting "the problem of underenforcement in smaller companies, where counsel litigating on contingency may not be able to foresee a sufficient recovery to warrant pursuing meritorious claims."). Indeed, district courts in the Ninth Circuit have found higher percentage awards appropriate in cases where the common fund—although perhaps sizeable in relation to the class' best possible recovery—is relatively small in absolute terms. *See Rivas*, 2020 U.S.

Dist. LEXIS 8712, at *23 (awarding 45% of $175,000 common fund and noting "case law surveys suggest that 50% is the upper limit, with 30-50% commonly being awarded in cases in which the common fund is relatively small."); *In re Nuvelo Sec. Litig.*, 2011 U.S. Dist. LEXIS 72260, at *8 (finding same "factor supports an upward adjustment of the benchmark" in a securities case); *Craft*, 624 F. Supp. 2d at 1127 ("Cases of under $ 10 Million will often result in result in fees above 25%.").

In sum, the requested fee award is warranted in light of Lead Counsel's willingness to prosecute the Action on a contingency fee basis in order to ensure the interests of Jaguar shareholders were protected, and Lead Counsel's devotion of significant time and resources to this Litigation despite the small size of Jaguar.

### 5. *Fee Awards of One-Third of the Common Fund in Similar Cases*

"Although 25% is the benchmark for a reasonable fee award, 'in most common fund cases, the award exceeds that benchmark.'" *Bailey v. Kinder Morgan G.P., Inc.*, No. 18-cv-03424-TSH, 2020 U.S. Dist. LEXIS 176922, at *19 (N.D. Cal. Sept. 25, 2020) (quoting *Omnivision Techs.*, 559 F. Supp. 2d at 1047). Indeed, courts in the Ninth Circuit often award attorneys' fees representing one-third of the common fund, as requested here. *Id.* (collecting cases); *see also Morris v. Lifescan*, Inc., 54 Fed. Appx. 663, 664 (9th Cir. 2003) (affirming fee award of 33% of a $14.8 million settlement); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000) (affirming fee award of one-third of the $1.725 million fund); *In re Pacific Enters. Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (affirming a 33% fee from a $12 million settlement fund); *Jiangchen*, 2019 U.S. Dist. LEXIS 180474, at *36 (awarding 33.33% of the $2.05 million settlement fund in attorneys' fees).

As noted above, fee percentages above the 25% benchmark are often awarded in smaller value common fund cases, where "'case law surveys suggest that 50% is the upper limit, with 30-50% commonly being awarded[.]'" *Rivas*, 2020 U.S. Dist. LEXIS 8712, at *23 (quoting *Cicero v. DirecTV, Inc.*, No. EDCV 07-1182, 2010 U.S. Dist. LEXIS 86920, at *6 (C.D. Cal. July 27, 2010)). And this trend applies to securities class actions, where research shows "that the

median award of attorneys' fees in class action securities cases with settlements below $5 million was 33% between 2014 and 2018." *Jiangchen*, 2019 U.S. Dist. LEXIS 180474, at *32 (citing Stefan Boettrich and Svetlana Starykh, *Recent Trends in Securities Class Action Litigation: 2018 Full-Year Review*, 41 (NERA Jan. 29, 2019)).

Moreover, Lead Counsel has been awarded fees of one-third of the common fund in their other recent Section 14(a) settlements. *See In re Envision Healthcare Corp.*, Case No. 1:18-cv-01068-RGA-SRF, ECF No. 105 (D. Del. Feb. 16, 2021) (awarding 1/3 of $17.4 million settlement fund) (Monteverde Decl., Ex. 6); *Campbell v. Transgenomic, Inc.*, No. 4:17-CV-3021, 2020 U.S. Dist. LEXIS 97063, at *10 (D. Neb. June 3, 2020) (awarding 1/3 of $1.95 million common fund).

In sum, a review of awards in similar cases indicates that the requested fee award here is more than reasonable.

### C. A Lodestar Check Confirms the Reasonableness of the Requested Fee

The Ninth Circuit has explained that "[t]he benchmark percentage should be adjusted" when circumstances indicate that a 25% recovery would be too small "in light of the hours devoted to the case[.]" *Six Mexican Workers*, 904 F.2d at 1311.

Here, Lead Counsel has expended 1,764.90 hours in the prosecution of this Litigation with a resulting lodestar of $1,083,852.50, representing a negative multiplier as their lodestar exceeds their fee request. *See* Monteverde Decl. at ¶ 22, Ex. 2 (Billing Records). As noted above, this Court has often cited negative multipliers as a factor justifying an award above 25%. *See, e.g., Provine*, 2013 U.S. Dist. LEXIS 199753, at *3-5 (awarding 33% of common fund where fee resulted in a negative multiplier); *Young*, 2007 U.S. Dist. LEXIS 27269, at *22; *In re Lithium Ion Batteries Antitrust Litig.*, 2020 U.S. Dist. LEXIS 233607, at *88-89, *91; *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 2013 U.S. Dist. LEXIS 190974, at *103 (when "there is a 'negative multiplier,' that is usually a sign that an upward adjustment of the percentage should be made.").

### D. The Requested Expense Award is Reasonable

Lead Plaintiff also respectfully requests that the Court reimburse Lead Counsel for $16,960.20 in litigation expenses that they advanced in the prosecution of this Action. All of these expenses, which are set forth in Monteverde Decl. ¶ 25, were reasonable and necessary for the prosecution of this Action and should be approved. *See In re Omnivision Techs.*, 559 F. Supp. 2d at 1048; *Covillo v. Specialty's Café*, 2014 U.S. Dist. LEXIS 29837, at *26 (N.D. Cal. Mar. 6, 2014) ("Class counsel is entitled to reimbursement of reasonable expenses.").

### E. Lead Plaintiff's Requested Service Award is Fair and Reasonable

As set forth in his Declaration, over the past three years Lead Plaintiff devoted at least 50 hours of his time to this Action, including communicating with Lead Counsel regarding case status and strategy, reviewing case documents (including the complaints, motions and briefs, court orders, discovery, mediation papers, and settlement documents), and searching for and producing documents. *See* Monteverde Decl. Ex. 3 (Declaration of Lead Plaintiff). Accordingly, Lead Plaintiff seeks a $5,000 service award pursuant to 15 U.S.C. § 78u-4(a)(4), which is "presumptively reasonable in this judicial district." *In re Extreme Networks, Inc. Sec. Litig.*, 2019 U.S. Dist. LEXIS 121886, at *34; *see also In re Am. Apparel S'holder Litig.*, 2014 U.S. Dist. LEXIS 184548, at *99-103 (C.D. Cal. July 28, 2014) (approving $6,600 award where lead plaintiff devoted 55 hours to the securities litigation); *Atlas v. Accredited Home Lenders Holding Co.*, 2009 U.S. Dist. LEXIS 103035, at *7 (N.D. Cal. Nov. 2, 2009) (approving requested $5,000 service award for lead plaintiff's involvement in the securities litigation). Indeed, there are "numerous cases in which service awards of $10,000 or more are found reasonable." *Todd v. STAAR Surgical Co.*, No. CV 14-5263 MWF (GJSx), 2017 U.S. Dist. LEXIS 176183, at *15 (C.D. Cal. Oct. 24, 2017) (collecting cases).

Moreover, this Court recently approved service awards of $5,000 and $7,500 to multiple plaintiffs in a securities action, finding the awards:

> [R]easonable and justified given the time and effort expended and the work performed and the active participation in the litigation and settlement processes by

the class representatives on behalf of the members of the settlement class; the time the class representatives spent away from family, friends, relationships, and work and other responsibilities while working on this matter on behalf of the Settlement Class; the benefit to Settlement Class Members of Plaintiffs' actions on their behalf; and the length of this case.

*In re Tezos Sec. Litig.*, Case No. 3:17-cv-06779-RS, ECF No. 262 (N.D. Cal. Aug. 28, 2020) (Monteverde Decl., Ex. 7).

Furthermore, the Notice to the Settlement Class stated that Lead Plaintiff would seek up to a $10,000 service award,[5] and, to date, no objections have been made. *See* Monteverde Decl. at ¶ 20.

Based on the foregoing, Lead Plaintiff respectfully submits that a $5,000 service award is fair and reasonable in this Action.

### III. CONCLUSION

For the foregoing reasons, Lead Plaintiff's requested Fee and Expense Award and Service Award should be approved in full.

Dated: April 22, 2021                                           Respectfully submitted,

**MONTEVERDE & ASSOCIATES PC**                 **MONTEVERDE & ASSOCIATES PC**
Juan E. Monteverde (*admitted pro hac vice*)
The Empire State Building                                  */s/ David E. Bower*
350 Fifth Avenue, Suite 4405                              David E. Bower (SBN 119546)
New York, NY 10118                                          600 Corporate Pointe, Suite 1170
Tel.: (212) 971-1341                                           Culver City, CA 90230
Fax: (212) 202-7880                                            Tel: (213) 446-6652
Email: jmonteverde@monteverdelaw.com    Fax: (212) 202-7880
                                                                           Email: dbower@monteverdelaw.com
*Counsel for Lead Plaintiff and Lead
Counsel for the Settlement Class*                       *Counsel for Lead Plaintiff and Lead
                                                                           Counsel for the Settlement Class*

---

[5] Notice (Stipulation, Exhibit A-1) at 3.

13

MOTION FOR ATTORNEYS' FEES AND EXPENSES AND SERVICE AWARD
Case No. 3:17-cv-04102-RS